## CAPROCK OIL CO. v. HAGAN.

No. 27152.   June 29, 1937.

Rehearing Denied Oct. 19, 1937.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1938.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Priest & Belisle, for defendant in error.

BAYLESS, V. C. J. K. W. Hagan sued Caprock Oil Company, a corporation, in the court of common pleas of Oklahoma county, Okla., to recover a balance alleged to be due upon an agreed commission for brokerage services. The cause was tried without a jury, judgment was rendered for plaintiff for $1,000, and the defendant appeals.

The plaintiff alleged in his petition an agreement through Pitts, a duly authorized agent of the defendant, to receive $2,500. The defendant specifically denied the agency, and set up a different agreement with Pitts, and that Pitts had agreed to pay plaintiff $1,500. Defendant alleged it had paid Pitts and that Pitts had paid plaintiff. Plaintiff then filed a reply in which he alleged an implied agency by estoppel, ratification, and finally a contract with the defendant by and through its president. At the conclusion of the evidence on all of these aspects, introduced over the objections of the defendant, the plaintiff amended his petition to conform to the proof, and pleaded (1) agency; (2) estoppel by conduct or agency by holding out: and (3) ratification.

The first two assignments of error and most of defendant's argument are directed to this variety of theories in pleading the cause of action on behalf of the plaintiff. In our opinion, the defendant technically is correct as a matter of pleading and procedure. Its motion to strike should have been sustained, and the plaintiff should have been required to plead only one theory and adhere to it. All of the facts in the case were well known to plaintiff and it would not have been difficult to plead the actual history of the lawsuit, and to abide by the rule of law obviously presented.

However, the case was equally well known to defendant, and we do not believe its substantial rights were materially affected. Pitts was not its agent, but as an independent broker of oil properties he had promised defendant the refusal of any properties he could procure for sale. Pitts engaged plaintiff to gain him entry to the owners of certain properties, and advised defendant's president that plaintiff desired $2,500 for his services. Pitts testified the defendant, through its president, agreed to pay the $2,500 to plaintiff in addition to a 5 per cent. commission to him. Defendant's president says he understood plaintiff was to get $2,500 from Pitts, out of Pitts' 5 per cent. commission. Defendant's president says that Pitts afterwards told him that he had succeeded in getting plaintiff to agree to reduce the amount to $1,500. Pitts contradicts this and says that defendant's president complained of the commission costs and wanted him to get plaintiff to agree to a reduction to $1,500, but that he (Pitts) never mentioned the subject to plaintiff. Defendant knew that plaintiff was to be paid for his services, and admits that from time to time it sent Pitts checks payable to his order but for the benefit of plaintiff, and Pitts paid the proceeds of these checks to plaintiff. Thereafter a controversy arose, and defendant's evidence is that plaintiff called and demanded payment of $300, the balance then due on the $1,500, but upon checking its books it was discovered that only $275 remained due him; and that it sent a check to Pitts for this amount, with a voucher attached showing full payment of the $1,500, and a release and satisfaction. Plaintiff's evidence is that he received this check from Pitts, but the voucher was not attached, and he did not receive or accept the check as final payment. He insisted and Pitts later paid him other money.

From all of the foregoing, it is apparent that plaintiff rendered Pitts, and incidentally defendant, valuable services in connection with the purchase of the particular properties. It cannot be denied that everyone knew plaintiff was to be paid—whether by Pitts or by defendant and whether $1,500 or $2,500. It is admitted that defendant paid plaintiff, through Pitts, approximately $1,500.

The only issues are of fact, and are: (1) Was Pitts or defendant obligated to plaintiff? (2) Was plaintiff to receive $1,500 or $2,500? and (3) Did plaintiff accept $1,500 as full payment and satisfaction of his claim? Whatever issue of agency was presented and joined in the pleadings, it is clear that it was immaterial to the issues as the parties tried the action. It passed out of the case at the trial, although it undoubtedly was in the pleadings.

There is sufficient evidence to support the trial court's findings that the original agreement was for $2,500; that defendant was obligated to pay it; that plaintiff never agreed to a reduction to $1,500; and that plaintiff never accepted $1,500 as full payment and satisfaction; and that defendant is indebted to plaintiff in the sum found.

Judgment affirmed.

OSBORN, C. J., and BUSBY, CORN, and GIBSON, JJ., concur.